UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN M. RYAN, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-01819 |
| | § | |
| BROOKDALE INTERNATIONAL SYSTEMS INC., | § | |
| & E.I. DUPONT DE NEMOURS & CO., | § | |
|     *Defendants*. | § | |

**ORDER**

Pending before the court is defendant E.I. DuPont DeNemours & Co.'s motion to dismiss plaintiff Stephen M. Ryan's claim for failure to plead fraud with the particularity required by Rule 9(b). Dkt. 35. Upon consideration of the defendant's motion, plaintiff's response, the evidence of record, and the applicable law, the motion to dismiss is GRANTED. Plaintiff's claim is DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

The facts of this case are set forth in the court's November 6, 2007 order dismissing plaintiff's claim without prejudice and allowing him to amend his complaint. Dkt. 33. The plaintiff filed suit in the Southern District of Texas on May 31, 2006, alleging breaches of express and implied warranty and fraud on behalf of himself and other similarly situated individuals.[1] *Id.* The court dismissed all three claims for lack of standing because it found that Ryan lacked injury, but it did not reach the merits of the claims. Dkt. 19. The Fifth Circuit affirmed dismissal of Ryan's breach of express and implied warranty claims for failure to demonstrate an injury in fact because the likely damages—loss of the "benefit of the bargain"—are not available under a no-injury product liability theory of recovery. *Ryan v. Brookdale Int'l Sys.*, 230 Fed. Appx. 366, 368 (5th Cir. 2007).

---

[1] Plaintiff Ryan seeks to represent a putative class; however, no class has been certified and Ryan is the only named plaintiff.

The Fifth Circuit, however, noted that the fraud claim may be viable and thus remanded it to this court. *Id.* The defendants then moved to dismiss the remanded fraud claim for lack of standing under Federal Rule of Civil Procedure 12(b)(1); failure to state a claim upon which relief can be granted under Rule 12(b)(6); or, in the alternative, failure to plead fraud with the particularity required by Rule 9(b). Dkts. 26 & 27. The court granted in part and denied in part the motion to dismiss. Dkt. 33. Because plaintiff neither purchased, nor used the EVAC+ model, he lacked the standing to raise claims of fraud pertaining to the device. Dkt. 33. Accordingly, the court granted defendant's 12(b)(1) motion as it pertained to the EVAC+ model and dismissed that claim without prejudice. *Id.* Defendant's 12(b)(6) motion to dismiss plaintiff's claims regarding the EVAC-U8 device was denied because the court found that under the *Twombly* standard and considering the facts pleaded *in toto*, plaintiff's entitlement to relief is plausible. *Id.* Because Ryan failed to plead the claim of fraud with the particularity required by Rule 9(b), the court granted the defendants' 9(b) motion as it related to the EVAC-U8 device. *Id.* Accordingly, plaintiff's fraud claim pertaining to the EVAC-U8 device was dismissed without prejudice, and Ryan was granted leave to amend his pleadings within thirty days of the order. *Id.*

In his amended complaint, Ryan claims, on information and belief, that the defendants issued statements and representations pertaining to the EVAC-U8 for use in advertisements to induce the purchase of these products. Dkt. 34. Ryan claims that these advertisements appeared on Safer America's website as of April 25, 2005. *Id.* He further claims that he relied on the information provided by these advertisements in purchasing the EVAC-U8. *Id.* Because the claims in the advertisements upon which Ryan relied are identical in many instances to information provided in Brookdale's User's Manual that came with the EVAC-U8 devices, Ryan claims, on information and belief, that DuPont and Brookdale were responsible for the content of the advertisements. *Id.* He bases this claim on the fact that the advertisements and the User's Manual featured DuPont's name.

2

*Id.* Ryan seeks compensatory damages for the full value of the hoods that he purchased, plus shipping and handling costs; incidental and consequential damages; exemplary damages; costs of suit; attorneys' fees and prejudgment and postjudgment interest. Dkt. 34.

## II. ANALYSIS

Defendant DuPont moves to dismiss Ryan's fraud claim because he has failed to plead with the particularity required by Rule 9(b). Dkt. 35. Because the court finds that Ryan failed to plead with the particularity required by Rule 9(b), it need not analyze whether he has met the requirements of Rule 12(b)(6).

**1.      Failure to Plead With Particularity: Rule 9(b)**

*A. Standard of Review*

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In averring fraud, Rule 9(b) "requires the plaintiff to allege 'the particulars of time, place, and contents of the false representations, as well as the identity of the party making the misrepresentation and what [that person] obtained thereby.'" *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Serv., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Claims of fraud require "a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994) (quoting *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993)). Increased particularity in pleading fraud claims is required to protect the defendant's reputation from potentially damaging unsubstantiated claims. *Id*. Rule 9(b) also aims to give the defendant notice of the alleged misconduct so it can defend against the charge. *Weatherford Int'l Inc. v. Casetech Int'l Inc.*, No. 03CV5383-AH, 2005 WL 1745457, at *1 (S.D. Tex. Jul. 25, 2005).

The Fifth Circuit requires the "'who, what, when, where, and how' of the alleged fraud" to be established before parties can have access to discovery. *United States ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 384 (5th Cir. 2003) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)); *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *Thompson*, 125 F.3d at 901.

*B. Analysis*

DuPont claims that Ryan's amended complaint lacks the particularity required by Rule 9(b) and suffers from the same deficiencies as the original complaint. Dkt. 35. Specifically, DuPont argues that fraud pleaded on information and belief is proper only in limited circumstances, that Ryan failed to adequately plead scienter, and that fraud allegations must be specific as to each defendant. *Id.*

### 1. "Information and Belief" and Pleading With Specific Facts

DuPont claims that Ryan relied only upon representations found on the website of the retailer—Safer America—from which he purchased the EVAC-U8. *Id.* DuPont further argues that Ryan, having relied only on Safer America's representations and not any representations made directly by DuPont, alleges based upon information and belief, that DuPont issued statements and representations for use in advertisements by retailers such as Safer America and that DuPont was responsible for the content of such advertisements. *Id.* Relying on *Willard,* DuPont argues that pleading on information and belief is not proper in this fraud case because Ryan has not alleged that any facts were peculiarly within DuPont's knowledge. *Willard*, 336 F.3d at 385.

DuPont also argues that even if Ryan were permitted to base his fraud claim on information and belief, he has not set forth the factual basis of his claim to satisfy the particularity requirements

4

of Rule 9(b). *Id.* DuPont's position is that Ryan's fraud claim and the allegations in his complaint are conclusory and based on speculation "premised on statements appearing on Safer America's website, the post-purchase content of Brookdale's website, and post-purchase viewing of Brookdale's User Manual." Dkt. 35. It further argues that Ryan has not alleged any facts linking DuPont to Safer America or its advertisements, thus Ryan's argument is merely conclusory. *Id.*

Ryan contends, however, that he was "not required to allege that certain facts were peculiarly within DuPont's knowledge in order to assert his fraud allegations based on information and belief." Dkt. 39. He argues that he only needed to set forth the factual basis for his information and belief and that he did so by alleging that the representation in the advertisement that the EVAC-U8 could provide fifteen minutes of protection was identical in many ways to the representations in its User's Manual. *Willard*, 336 F.3d at 385 (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 & n.67). Ryan essentially argues that the similarities between the advertisements and User's Manual provide enough of a factual basis to allow him to plead on information and belief.

While a plaintiff may plead on information and belief when the facts are peculiarly within the defendant's knowledge, this should not be taken to allow the plaintiff to base his claims of fraud on speculation and conclusory statements. *Tuchman*, 14 F.3d at 1068. Rule 9(b) requires more than "simple allegations" of fraudulent intent of the defendant. *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994) (citing *Tuchman*, 14 F.3d at 1068). Ryan has unsuccessfully attempted to plead fraud because he has not set forth any factual basis to allow him to plead on information and belief. His claim is merely based on the fact that Brookdale's User's Manual and the advertisements on Safer America's website are identical in some respects. This similarly does not rise above the level of conclusory and speculative pleading of fraud and does not set forth any facts that give rise to an

inference of fraudulent misrepresentation by DuPont. Accordingly, the court finds that Ryan has not sufficiently plead fraud under a theory of "information and belief."

**2. Failure to Plead Scienter**

DuPont argues that Ryan failed to adequately plead scienter because he did not provide any facts showing that DuPont knew the representations were false when they were made, or that DuPont intended any alleged misrepresentations to be acted upon by Ryan. Dkt. 35. DuPont claims that Ryan inadequately pled scienter by claiming that DuPont "knew the representations were false when [it] made [them] because [it] claimed to have extensively tested the device." *Id.* But, DuPont claims it didn't know about the defects until March and April of 2006. *Id.* DuPont also claims that Ryan failed to plead any facts noting the date of the alleged testing, that DuPont was involved in testing, or that DuPont had knowledge of the results of such tests—if indeed there were any. *Id.*

Ryan contends, however, that he adequately pled scienter because "the Fifth Circuit has approved alleging conditions of the mind of a person at a general level" and because the specificity requirement in pleading fraudulent intent is only required for securities fraud cases. *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. 3:02CV0032-D, WL 31114077 at *8 (N.D. Tex. Sept. 20, 2002) (citing *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 589 (5th Cir. 1967)). Ryan further claims that information pertaining to whether DuPont performed tests on the EVAC devices is peculiarly within the knowledge of DuPont and he should thus be able to plead on a more general level. Dkt. 39.

Scienter may be averred generally, but it also requires the plaintiff to set forth facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068 (citing *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992)). For example, mere publication of inaccurate figures by a defendant is not sufficient to give rise to a claim of fraud. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 432 (5 th

6

Cir. 2002). Instead, the plaintiff must point to allegations that the defendant actually knew the statement was false. *Id.* at 431. Merely because the product which Brookdale claimed to have passed stringent tests turned out to be possibly defective does not show that DuPont intended to disseminate fraudulent statements or that DuPont knew at the time of any representation that the product could be defective. The court noted in the November 6, 2007 order that "[s]imply because a product is at some point removed from the market due to an anticipated failure to comply with advertised specifications, it does not necessarily follow that defendants always, or even previously, knew of such anticipated failure." Dkt. 33. Accordingly, the court finds that Ryan has not pled scienter with the particularity required by Rule 9(b).

### 3. Identifying Specific Defendant

DuPont also argues that Ryan's complaint is deficient because it does not specifically identify the defendant responsible for making the alleged misrepresentations. *Richardson v. Am. Home Shield of Tex., Inc.*, No. 05CV4029-AH, WL 903721 at *2 (S.D. Tex. Apr. 7, 2006). It claims that Ryan only refers to unidentified defendants, not to any specific individual or entity as making the representations.

Ryan, however, argues that he properly alleged that DuPont and Brookdale were responsible for the content of the advertisements upon which he relied.[2] Dkt. 39. Specifically, Ryan argues that DuPont is responsible for the claim that the device could provide fifteen minutes of breathable air in the event of an emergency. *Id.*

Plaintiffs must state the identity of the person making the alleged fraudulent misrepresentation that is relied upon before that person can be liable for such statements. *Tuchman*, 14 F.3d at 1068.

---

[2]Brookdale International Systems, Inc. was a co-defendant and is no longer a party. Brookdale has been dissolved and an order has been granted dismissing plaintiff's fraud claim against Brookdale. Dkt. 42.

Further, a person or entity must participate in making fraudulent misrepresentations, even if he has knowledge of the fraud, before he can be liable. *Sorenson v. Elrod*, 286 F.2d 72, 74 (5th Cir. 1960). Ryan's amended complaint does not specifically state DuPont itself made any representations upon which Ryan relied in purchasing the devices. The complaint does mention DuPont, but fails to state what, if any, misrepresentations it made. Ryan only claims that some representations in Brookdale's User's Manual are identical in some respects to the advertisements on Safer America's website. Dkt. 39. Thus the court finds that Ryan has not adequately alleged the identity of the defendant making the fraudulent misrepresentation.

### III. Conclusion

Before the court is defendant E.I. DuPont deNemours & Co.'s motion to dismiss for failure to plead fraud with the particularity required by Rule 9(b). Dkt. 35. The plaintiff's amended complaint suffers from several of the same deficiencies as his original complaint and does not plead fraud with the particularity required by Rule 9(b). Accordingly, DuPont's 9(b) motion to dismiss is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on June 11, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY